MELANIE D. MORGAN, ESQ.
Nevada Bar No. 8215
AKERMAN LLP
1635 Village Center Circle, Suite 200
Las Vegas, NV 89134
Telephone: (702) 634-5000
Facsimile: (702) 380-8572
Email: melanie.morgan@akerman.com

*Attorneys for The Bank of New York Mellon and NewRez LLC d/b/a Shellpoint Mortgage Servicing*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TRACY MITCHUSSON,<br><br>    Plaintiff,<br><br>v.<br><br>BANK OF NEW YORK MELLON, a foreign Delaware corporation; NEWREZ, LLC dba SHELLPOINT MORTGAGE SERVICING, a foreign limited liability company; MTC FINANCIAL INC., a foreign California Corporation; and DOES inidividuals I through X and ROE Corporations I through X;<br><br>    Defendants. | Case No.: 2:22-cv-01839<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332** |

Defendants The Bank of New York Mellon (**BoNYM**) and NewRez LLC d/b/a Shellpoint Mortgage Servicing remove this action from the Eighth Judicial District Court in Clark County, Nevada, to the United States District Court for the District of Nevada. This court has diversity jurisdiction under 28 U.S.C. § 1332.

…

…

…

…

{67011399;1}

**INTRODUCTION**

Tracy Mitchusson initiated this action on October 7, 2022, in the Eighth Judicial District Court of Clark County, Nevada, as case no. A-22-859556-C. Copies of all pleadings, processes, and orders in the state court action are attached as **Ex. A**.

The operative complaint relates to the property located at 3520 Five Pennies Lane, Las Vegas, Nevada 89120. Ex. A at Complaint. Mitchusson asserts breach of contract and breach of implied covenant of good faith and fair dealing claims, alleging that the defendants breached a settlement agreement with Mitchusson by failing to timely foreclose on the property, *see id*. at ¶¶ 26-29, 31-36. Mitchusson also asserts a declaratory relief/quiet title claim for relief to obtain a declaration that defendants have no right, title or interest in enforcement of the deed of trust, *see id*. at ¶¶ 38-42, 44-47. In addition to other requests for relief, Mitchusson seeks an award of attorneys' fees and costs, *see id*., prayer for relief.

**DIVERSITY JURISDICTION**

A.   **The Parties are Diverse.**

Mitchusson is a citizen of Nevada. Ex. A, Compl. at ¶ 6 (stating Mitchusson "is and at all material times mentioned herein a Nevada resident.").

BoNYM is a citizen of Delaware and New York. The Bank of New York Mellon Corp. is the Trustee for the Certificateholders of the CWALT, Inc. Alternative Loan Trust 2005-J1, Mortgage Pass-Through Certificates, Series 2005-J1. Since BoNYM is an active trustee whose control over the assets held in its name is real and substantial, its citizenship controls. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("A trust has the citizenship of its trustee or trustees.") (citing *Navarro Savs. Ass'n v. Lee*, 446 U.S. 458, 462-63 (1980)). A corporation is a citizen of every state by which it is incorporated and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c). The Bank of New York Mellon, Corp. is a Delaware corporation with its principal place of business in New York.[1]

---

[1] BoNYM requests the court take judicial notice of The Bank of New York Mellon Corporation's 2020 10-K at p. 5 which is publicly-available at: https://www.bnymellon.com/content/dam/bnymellon/documents/pdf/investor-relations/form-10-k-2021.pdf.coredownload.pdf

2

{67011399;1}

1   MTC Financial, Inc. is a California corporation with its principal place of business located in
2   California.
3   Shellpoint is a limited liability company.  A limited liability company's citizenship "is
4   determined by the citizenship of all of its members" for purposes of diversity jurisdiction under 28
5   USC § 1332(a). *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).
6   Shellpoint is a citizen of Delaware and New York for diversity purposes.  The sole member of
7   NewRez LLC is Shellpoint Partners LLC, a Delaware limited liability company.  Shellpoint Partners
8   LLC's members are NRM Acquisition LLC and NRM Acquisition II LLC, both of which are
9   Delaware limited liability companies.  The sole member of both NRM Acquisition entities is New
10  Residential Mortgage LLC, a Delaware limited liability company.  New Residential Mortgage LLC's
11  sole member is New Residential Investment Corp., a Delaware corporation with its principal place of
12  business in New York.
13  For removal purposes, the citizenship of Does Individuals 1 through 10 and Roe
14  Corporations 1 through 10 are disregarded.  *See* 28 U.S.C. § 1441(a).

15  **A.   The Amount in Controversy Exceeds $75,000.00**

16  28 U.S.C. § 1332(a) provides that "the matter in controversy [must] exceed the sum or value
17  of $75,000, exclusive of interest and costs" for diversity jurisdiction to lie.  "The amount in
18  controversy is simply an estimate of the total amount in dispute, not a prospective assessment of
19  [the] defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010)
20  (citing *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)).

21  In Nevada, a removing party need only establish that it is "more likely than not" that the
22  amount in controversy exceeds $75,000.00. *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404
23  (9th Cir. 1996); *Salvador v. National Default Servicing Corp.*, No. 2:13-CV-1011 JCM GWF, 2013
24  WL 6019211, at *1 (D. Nev. Nov. 13, 2013) ("the removing defendant bears the burden of
25  establishing, by a preponderance of the evidence, that the amount in controversy exceeds
26  [$75,000.00]." (internal citation and quotations omitted)).

27  . . .
28  . . .

3

{67011399;1}

The amount in controversy in actions seeking declaratory or injunctive relief "is measured by the value of the object of the litigation." *Cohn v. Petsmart*, 281 F.3d 837, 840 (9th Cir. 2002). Mitchusson seeks a declaration quieting title to the property in her name free and clear of the deed of trust, *see id.*, ¶¶ 38-42, 44-47.  The face value of the at-issue deed of trust is $517,800.00, **Ex. B**. The property's estimated value property as of October 25, 2022, is $880,700.00.  **Ex. C**.

### C.   The Removal is Timely

Under 28 U.S.C. § 1446(b), a defendant has 30 days after the receipt by the defendant of the complaint to remove the action to federal court.  Plaintiff filed her complaint on October 7, 2022. Thirty days have not passed since plaintiff filed her complaint.  Shellpoint was served with a copy of the complaint on October 11, 2022.  This removal is timely.

Per 29 U.S.C. § 1446(d), defendants will promptly provide written notice of the filing of this removal notice to plaintiff and will file a copy of the notice of removal with the clerk of the Eighth Judicial District Court of Clark County, Nevada, where this action is currently pending.

### CONCLUSION

Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of rights to assert any defense or affirmative matter, whether pursuant to Federal Rule of Civil Procedure 8(c) or Federal Rule of Civil Procedure 12(b).

BoNYM and Shellpoint reserve the right to amend or supplement this notice of removal.

DATED November 1, 2022.

**AKERMAN LLP**

  */s/ Melanie D. Morgan*
MELANIE D. MORGAN, ESQ.
Nevada Bar No. 8215
1635 Village Center Circle, Suite 200
Las Vegas, NV 89134

*Attorneys for The Bank of New York Mellon and NewRez LLC d/b/a Shellpoint Mortgage Servicing*

**INDEX OF EXHIBITS**

| | |
|---|---|
| Exhibit A | Copies of all pleadings in Case No. A-22-859556-C |
| Exhibit B | Deed of Trust |
| Exhibit C | Declaration of Melanie D. Morgan in Support of Notice of Removal |