MELANIE D. MORGAN, ESQ.
Nevada Bar No. 8215
AKERMAN LLP
1635 Village Center Circle, Suite 200
Las Vegas, NV 89134
Telephone: (702) 634-5000
Facsimile: (702) 380-8572
Email: melanie.morgan@akerman.com

*Attorneys for The Bank of New York Mellon and*
*NewRez LLC d/b/a Shellpoint Mortgage Servicing*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TRACY MITCHUSSON, | Case No.: 2:22-cv-01839-JCM-VCF |
| Plaintiff, | |
| v. | **THE BANK OF NEW YORK MELLON AND NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING'S MOTION TO DISMISS COMPLAINT** |
| BANK OF NEW YORK MELLON, a foreign Delaware corporation; NEWREZ, LLC dba SHELLPOINT MORTGAGE SERVICING, a foreign limited liability company; MTC FINANCIAL INC., a foreign California Corporation; and DOES inidividuals I through X and ROE Corporations I through X; | |
| Defendants. | |

Defendants The Bank of New York Mellon (**BoNYM**) and NewRez LLC d/b/a Shellpoint Mortgage Servicing move to dismiss Tracy Mitchusson's complaint.

**I.     Introduction**

This is Mitchusson's second lawsuit challenging BoNYM's right to foreclosure under a deed of trust securing a loan Mitchusson admits is in default. Mitchusson's first lawsuit ended with a confidential settlement and release agreement between Mitchusson, BoNYM, Shellpoint and MTC. As part of that agreement, Mitchusson consented to BoNYM's non-judicial foreclosure, but there was no provision in the agreement mandating a deadline within which the foreclosure was to occur. The agreement was memorialized in a written settlement and release agreement executed on May 11, 2020, and the parties stipulated to dismiss the lawsuit with prejudice. BoNYM has initiated

foreclosure proceedings, but due to COVID-19 foreclosure moratoriums, the foreclosure sale has not yet taken place.  Prestige, the trustee under the deed of trust, recorded a notice of breach and election to sell on September 7, 2022.  Ms. Mitchusson initiated this action a month later, on October 7, 2022.

This court should dismiss Mitchusson's complaint because: (1)  Mitchusson fails to allege a breach of the settlement agreement or a breach of the duty of good faith and fair dealing;  (2)  the settlement agreement bars this suit;  (3)  Mitchusson fails to state a claim for quiet title and declaratory relief; and (4) claim preclusion bars Mitchusson's quiet title claim.  This court should grant the motion to dismiss all claims with prejudice.

## II.    Relevant Background

### A.    Deed of Trust History

Mitchusson purchased the property located at 3520 Five Pennies Lane Las Vegas, NV 89120 with a $517,800.00 loan from Countrywide Home Loans, Inc. secured by a deed of trust recorded with the Clark County Recorder on December 22, 2004.  **Ex. A**[1].  Mitchusson defaulted on the loan in August 2010.  **Exs. B, C**.  An assignment of the deed of trust was recorded on March 31, 2014, whereby Bank of America assigned its beneficial interest in the deed of trust to BoNYM.  **Ex. D**.  On April 18, 2018 the prior trustee, MTC Financial Inc. d/b/a Trustee Corps (**MTC**), initiated foreclosure proceedings by recording a notice of default.  **Ex. C**.  On December 31, 2018 MTC recorded a notice of sale.  **Ex. E**.

### B.    The 2019 Litigation and Settlement

On March 27, 2019, Mitchusson filed a lawsuit naming MTC, BoNYM, and Bayview Loan Servicing, LLC[2] as defendants as in case no. A-19-791833-C, removed as case no. 2:19-cv-00585-APG-PAL (the 2019 litigation).  In the 2019 litigation, Mitchusson asserted claims for quiet title, to enjoin the foreclosure, and for violation of non-judicial foreclosure laws.  Mitchusson alleged she

---

[1] This court can (and should) take judicial notice of all exhibits, including public property records and documents filed or served in Nevada courts.  *See* NRS 47.150(2); NRS 47.130.  Although a court generally "may not consider matters outside the pleading being attacked," it is well-established that "the court may take into account matters of public record, orders, items present in the record of the case, and any exhibits attached to the complaint when ruling on a motion to dismiss for failure to state a claim upon which relief can be granted." *Breliant v. Preferred Equities Corp.*, 109 Nev. 842, 847, 858 P.2d 1258, 1261 (1993).

[2] Bayview Loan Servicing serviced the loan prior to Shellpoint.  *See generally* Ex. F.

67391611;1

was in default on the note, but defendants could not proceed with a non-judicial foreclosure because they "have no right, title, estate, lien, or interest whatever [sic] in the Property or any part thereof, including having no right to pursue a non-judicial foreclosure." **Ex. G** at p. 4 ¶ 15.

On May 11, 2020, the parties entered into a confidential settlement and release agreement whereby Mitchusson expressly acknowledged her default under the loan and agreed, among other things, not to contest foreclosure under the deed of trust. **Ex. F**, filed under seal. The agreement did not specify a deadline or timeframe within which the foreclosure must occur. *Id.* The court entered an order pursuant to the parties' stipulation dismissing Mitchusson's 2019 litigation with prejudice on May 26, 2020. **Ex. J.**

### C.   Post-2019 Litigation

From March 2020 through mid-2021 numerous directives and regulations imposed foreclosure moratoria in response to the COVID-19 pandemic. **Ex. H**. On April 28, 2021, MTC recorded a notice of rescission of the 2018 notice of default pursuant to NRS 107.550 because a notice of sale had not been recorded with nine months of the notice of default due to COVID moratoriums. **Ex. I**. Prestige recorded another notice of breach and election to sell on September 7, 2022. **Ex. B**.

### D.   Mitchusson's Allegations and Current Litigation

Mitchusson filed this second lawsuit one month after BoNYM initiated non-judicial foreclosure proceedings by recorded the the 2022 notice of default. **Ex. B**. Mitchusson brings claims for (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) quiet title; and (4) declaratory relief. Mitchusson claims BoNYM and Shellpoint breached the settlement agreement by failing to promptly foreclose, even though the agreement did not contain a deadline or timeframe within which foreclosure must occur, and even though she did not file her complaint until BoNYM actually started the foreclosure she claims was unreasonably delayed. *See* compl. at ¶ 27; *see also* **Ex. F**. Mitchusson also claims title to the property should be quieted in her name, and seeks a judgment that the deed of trust "be stricken and removed from the public records or Nevada, or else expunged and marked as VOID if otherwise required to remain in the public records of Clark County, Nevada." *See* compl. at prayer. Mitchusson's complaint is silent as to why

she is entitled to a judgment quieting title to the property in her name.  She merely claims defendants have no interest in the enforcement of the deed of trust.  *Id.*  The court should dismiss the complaint.

## III.    Legal Standard

BoNYM and Shellpoint move to dismiss for failure to state a claim for which relief may be granted.  *See* Fed. R. Civ. P. 12(b)(6).  A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  "A complaint will not survive a motion to dismiss unless it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Karasek v. Regents of Univ. of Cal.*, 956 F.3d 1093, 1104 (9th Cir. 2020).  In ruling on a 12(b)(6) motion to dismiss, the court may consider "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). The court need not accept unreasonable inferences or "conclusory, unwarranted deductions of fact" cast in the form of factual allegations. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted). Dismissal with prejudice is proper if "it is clear that the complaint could not be saved by any amendment."  *Livid Holdings, Ltd. v. Solomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

## IV.    Legal Argument

Mitchusson's claims fail because she **expressly waived** all rights and defenses to challenge the foreclosure, including the foreclosure process.  **Ex. F**, ¶ I.B.  Her contractual claims fail for an additional reason: they are based upon defendants' alleged breach of a provision in the settlement agreement that does not exist – that foreclosure was to take place within a specific timeframe. Importantly, Mitchusson does not dispute the validity of the settlement agreement, and she admits the loan's default status.  In fact, it is Mitchusson, not BoNYM or Shellpoint, who has breached the settlement agreement by consenting to foreclosure and then filing this action claiming foreclosure

cannot proceed.  Finally, Mitchusson's quiet title claim cannot withstand dismissal because she fails to articulate a cognizable claim for quiet title.

### A.   Mitchusson Fails to Allege a Claim for Breach of Contract or Breach of the Implied Covenant of Good Faith and Fair Dealing

Mitchusson fails to allege facts to support a claim for breach of contract.  The provision of the settlement agreement cited in Mitchusson's complaint does not establish a deadline to complete foreclosure – nor a deadline to commence foreclosure. [3]   Compl. at ¶ 18.  In fact, there is no provision in the settlement agreement setting forth a deadline by which BoNYM and Shellpoint must foreclose.  *See generally* **Ex. F**.

The settlement agreement contains all of the terms agreed to by the parties and requires any amendments to be made in writing and signed by all parties.  **Ex. F**, ¶ II.M.  Mitchusson seeks to add a term to the agreement that was not negotiated, much less agreed to and memorialized.  If Mitchusson was concerned about the timing of the foreclosure, she could have negotiated a provision addressing the issue in the settlement agreement.  She did not.  Her complaint improperly attempts to go back in time, add provisions to the agreement that do not exist, and then hold BoNYM and Shellpoint in breach of these later-added provisions.

Mitchusson also fails to allege facts to support a claim for breach of the duty of good faith and fair dealing.  To plead such a claim, Mitchusson must allege (1) the existence of a contract; (2) the defendant owed plaintiff a duty of good faith and fair dealing; (3) the defendant breached the duty by performing in a manner that is unfaithful to the contract's purpose; and (4) plaintiff's justified expectations were denied.  *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 808 P. 2d 919, 922-923 (Nev. 1991).  The purpose of a claim for breach of the duty of good faith and fair dealing is to prevent a contracting party from "deliberately countervalen[ing] the intention and spirit of the contract."  *Morris v. Bank of America Nevada*, 110 Nev. 1274, 1278, 886 P.2d 454, 457 (1994).

---

[3] While Mitchusson did not attach the settlement agreement to her complaint, it is incorporated by reference and therefore the court may properly consider the settlement agreement in ruling on a motion to dismiss.  This court can and should consider "unattached evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *US. v. Corinthian Colleges*, 544 F.3d. 984, 999 (9th Cir. 2011).  Mitchusson's complaint references and quotes from the settlement agreement. The settlement agreement is central to each of Mitchusson's claims.

akerman

Mitchusson does not allege that the parties agreed or intended that the foreclosure occur within any time frame. Likewise, she does not allege that the parties contemplated the possibility of fines for code violations or which party would bear responsibility for such fines. Mitchusson does not allege BoNYM, Shellpoint, and MTC "deliberately countervened" any intention or spirit of the contract, or what benefit they could possibly derive by purposely delaying foreclosure. Instead, she attempts to add terms not contemplated or intended by the parties at the time the settlement was negotiated and executed.

Because the provision Mitchusson claims defendants breached is nowhere to be found in the agreement, Mitchusson's claim for breach of contract cannot withstand dismissal. In addition, her claim for breach of the implied duty of good faith and fair dealing fails because she has not, and cannot, plead that BoNYM and/or Shellpoint deliberately countervened the spirit of the contract.

**B.     Mitchusson's Quiet Title and Declaratory Relief Claims are Barred by the Terms of the Settlement Agreement**

As a material provision of the settlement agreement, Mitchusson expressly consented to a non-judicial foreclosure under NRS 107.080. **Ex. F**. She also waived any and all rights and defenses she may have to challenge or contest the foreclosure, including any claims contesting the validity of the foreclosure process or sale. **Ex. F**, ¶I.B. Mitchusson released BoNYM, Shellpoint, and MTC from any claims she made or could have made regarding the servicing of the loan or the foreclosure, and she agreed not to litigate any such claims in the future, yet she filed this action a month after the notice of default was recorded. **Ex. F.**, ¶¶ I.H, II.B. Mitchusson's claims are barred because Mitchusson released BoNYM and Shellpoint from all claims arising from foreclosure of the loan "**in any manner.**" **Ex. F**, ¶ I.H.

"The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretations of contracts generally." *Ovchinnikov v. Contech Const. Products, Inc.*, 364 Fed.Appx. 351 (9th Cir. 2010). The parties agreed that the agreement "shall be construed in accordance with and all disputes hereunder shall be controlled by the laws of the State of Nevada without regard to its choice of law rules." **Ex. F.**, ¶ II.G. "When a contract is clear, unambiguous, and complete, its terms must be given their plain meaning and the contract must be

enforced as written." *Ringle v. Bruton*, 86 P.3d 1032, 1039 (Nev. 2004).  Mitchusson does not and cannot allege the settlement is ambiguous.   The court should give the terms of the settlement agreement their plain meaning and enforce it as written.

Mitchusson's quiet title claim contains no factual allegations apart from her claim that defendants "have an adverse interest in the property" by virtue of the March 2014 assignment to BoNYM.  *See* compl. at ¶ 39.  Likewise, her declaratory relief claim merely alleges the existence of an actual controversy due to "Defendants' conduct in failing to properly foreclose the Property pursuant to the Agreement." *Id.* at ¶ 44.  The relief sought by Mitchusson in both claims is an order quieting title to the property in her name free and clear of the deed of trust, and a declaration that defendants have no interest in the enforcement of the deed of trust. *Id.* at prayer.   Mitchusson's claims are barred by the settlement agreement – specifically, her agreement not to contest foreclosure, her waiver of defenses and claims, and her release of claims.  The court should find Mitchusson's claims for quiet title and declaratory relief are therefore barred and expressly waived.

### C.      Mitchusson's Quiet Title and Declaratory Relief claims Fail to State a Claim

Setting aside the provisions in the settlement agreement barring Mitchusson's quiet title and declaratory relief claims, the claims fail for an additional independent reason --  the complaint is devoid of any factual or legal grounds to support the claims.  Mitchusson fails to allege facts which would entitle her to relief. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696 (9th Cir. 1990); *Sprewell v. Golden State Warriors*, 266 F.3d 979  (9th Cir. 2001).  Mitchusson seeks declaratory judgment that BoNYM, Shellpoint, and MTC "acted in violation of Nevada law."  But she does not allege facts which amount to a violation of Nevada law and does not allege what Nevada law BoNYM, Shellpoint, and MTC are alleged to have violated. She also claims BoNYM and Shellpoint have no "beneficial interest in the enforcement of the Deed of Trust," yet she never alleges facts to support *why* they have no such interest.  Compl. at prayer.  To the contrary, Mitchusson correctly alleges BoNYM became the record beneficiary of the deed of trust by way of an assignment recorded March 31, 2014.  Compl. at ¶ 15.  Mitchusson's quiet title and declaratory relief claims are unsupported by any allegations of fact or law and should be dismissed.  NRCP Rule 12(b)(5).

**D.   Mitchusson's Quiet Title and Declaratory Relief Claims Are Barred by Claim Preclusion**

Mitchusson's quiet title claim and declaratory relief claims are barred by her 2019 litigation. The doctrine of claim preclusion "makes a valid final judgment conclusive on the parties and ordinarily bars a later action based on claims that were or could have been asserted in the first case." *Five Star Capital Corp. v. Ruby*, 194 P.3d 709, 713-14 (Nev. 2008). The doctrine applies to priors suits involving "the same parties *or their privies*." *Id.* (emphasis added); *see Lawlor v. National Screen Service*, 349 U.S. 322, 326 (1955). And "[t]he phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice.'" *Id.* "Unless the court in its order for dismissal otherwise specifies, a dismissal… other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates an adjudication on the merits." *Id.* Res judicata applies equally to when a court enters dismissal with prejudice pursuant to a settlement of the parties. *In re Dominelli*, 820 F. 2d 313 (9th Cir. 1987) ("the settlement and dismissal of the trustee's action against Steinford operates as res judicata to bar Lawrence from bringing his own action."); *International Union of Operating Engineers-Employers Const. Industry Pension Welfare and Training Trust Funds v. Richard D. Karr d/b/a Alaska Unlimited Co.*, 994 F. 2d 1426 (9th Cir. 1993) ("After the parties entered into a settlement agreement, the district court dismissed the entire action with prejudice. The dismissal of the action with prejudice constitutes a final judgment on the merits…. Thus, we hold that the Trusts' claim… is barred by the doctrine of res judicata.").

In the 2019 litigation, Mitchusson alleged a claim for quiet title against BoNYM, Shellpoint's predecessor servicer Bayview, and MTC, claiming they did not have authority to foreclose because they did not show her a copy of the note. She sought "a judgment that Plaintiff is the owner in fee simple of the Subject Property and that the Defendants have no ownership interest in the property." **Ex. G** at prayer. The dismissal of the 2019 action with prejudice is a final judgment on the merits for purposes of a claim preclusion analysis. *See* **Ex. J**.

In this action, Mitchusson alleges another claim for quiet title against BoNYM, Shellpoint, and MTC, claiming vaguely that they "do not have any legal right, title, nor any equitable or beneficial interest in the enforcement of the deed of trust." Compl. at prayer. She has not alleged any change in circumstances surrounding BoNYM's standing to foreclose because she cannot;

nothing has changed since the 2019 litigation.  BoNYM is still the deed of trust beneficiary. *See* Compl. at ¶ 15. Mitchusson already challenged BoNYM's standing to foreclose in the 2019 litigation, and those claims were dismissed with prejudice.  **Exs. G and J**.  Mitchusson's quiet title and declaratory relief claims are barred by claim preclusion.

## V.     <u>Conclusion</u>

Mitchusson fails to allege a breach of any term of the settlement agreement and fails to allege any facts or law in support of her claims for quiet title and declaratory judgment.  Mitchusson consented to non-judicial foreclosure and waived all claims and defenses arising out of the foreclosure process.  Moreover, her quiet title and declaratory relief claims are barred because she already litigated BoNYM's standing to non-judicially foreclose through final judgment.  The court should grant BoNYM and Shellpoint's motion to dismiss this action for failure to state a single valid claim for relief.

Dated: November 21, 2022.

**AKERMAN LLP**

 */s/ Melanie D. Morgan*
MELANIE D. MORGAN, ESQ.
Nevada Bar No. 8215
1635 Village Center Circle, Suite 200
Las Vegas, NV 89134

*Attorneys for The Bank of New York Mellon and NewRez LLC d/b/a Shellpoint Mortgage Servicing*

67391611;1

**INDEX OF EXHIBITS**

Exhibit A – Deed of Trust

Exhibit B – Notice of Default recorded September 7, 2022

Exhibit C – Notice of Default recorded April 18, 2018

Exhibit D – March 31, 2014 assignment to BoNYM

Exhibit E – Notice of Sale recorded December 31, 2018

Exhibit F – Settlement and Release Agreement (filed under seal)

Exhibit G – Complaint from 2019 Litigation

Exhibit H – COVID Emergency Directives

Exhibit I – Notice of Rescission of 2018 NOD recorded April 28, 2021

Exhibit J – Stipulation for Dismissal of 2019 Litigation with Prejudice

67391611;1