# EXHIBIT G

**Complaint to Quiet Title, for Injunctive Relief and for Violation of Nevada's Non-Judicial Foreclosure Laws; Eighth Judicial District Court, Clark County, Nevada Case A-19-791833-C,** *Tracy R. Mitchusson v. MTC Financial Inc. d/b/a Trustee Corps. et al.* **(Filed March 27, 2019)**

# EXHIBIT G

Electronically Filed
3/27/2019 10:38 AM
Steven D. Grierson
CLERK OF THE COURT

COM
Tracy R. Mitchusson, TTEE
The Tracy R. Mitchusson Trust dated 11/24/1999
3520 Five Pennies Lane
Las Vegas, Nevada 89120
Plaintiff in Proper Person

CASE NO: A-19-791833-C
Department 10

DISTRICT COURT
CLARK COUNTY, NEVADA

Tracy R. Mitchusson, Trustee of The Tracy R. Mitchusson Trust dated 11/24/1999,

Plaintiff,

vs.

MTC Financial Inc. dba Trustee Corps; Bank of New York Mellon; Bayview Loan Servicing, LLC, and, DOES 1-5, inclusive,

Defendants.

CASE NO.:
DEPT. NO.:

**COMPLAINT TO QUIET TITLE, FOR INJUNCTIVE RELIEF AND FOR VIOLATION OF NEVADA'S NON-JUDICIAL FORECLOSURE LAWS**

**COMES NOW** Plaintiff and for her Complaint against the Defendants, hereby alleges as follows:

**JURISDICTION**

1. Plaintiff is the trustee of a duly organized Nevada trust, which own real property located at 3520 Five Pennies Lane, Las Vegas, Nevada 89120 (the "Property").

2. Plaintiff is infomred and believes MTC Financial Inc. dba Trustee Corps is duly authorized to conduct business in Clark County Nevada.

3. Plaintiff is informed and believes Bayview Loan Servicing, LLC is duly authorized to conduct business in Clark County, Nevada.

4. Plaintiff is informed and believes Bank of New York Mellon is duly authorized to conduct business in Clark County, Nevada and claims to be the holder of a note secured by deed of trust on the Property.

5. The true names and capacities of the Defendants DOES 1-5, inclusive, are unknown to Plaintiff, who, therefore, sues said Doe Defendants by said fictitious names. Plaintiff is informed, believes and thereon alleges that each of the Defendants designated in some manner as DOES are in some manner negligently, intentionally, statutorily, contractually, vicariously or otherwise responsible for the events and happenings referred to herein and caused damages directly and proximately to S&Z as and intends to sue such Parties. Plaintiff will ask leave of the Court to amend this Complaint to insert the true names of such DOE Defendants when the same have been ascertained.

**GENERAL ALLEGATIONS**

6. Plaintiff realleges and incorporates by this reference paragraphs 1-4, inclusive, of this Complaint as though fully set forth herein.

7. Plaintiff owns the Property and is currently in default on the note.

8. Non-judicial foreclosure proceedings were commenced by the Defendants against the Property.

9. Plaintiff requested and was granted entry to the State's foreclosure mediation program.

-2-

10. During the foreclosure mediation, Plaintiff repeatedly requested a copy of the note, which forms the basis of the non-judicial foreclosure proceedings.

11. Plaintiff insisted that without the note, the Defendants had no right to exercise any non-judicial foreclosure rights against the Property.

12. The foreclosure mediation did not result in an agreement.

13. Despite not being able to produce a copy of the note to Plaintiff, Defendants, apparently are proceeding with non-judicial foreclosure proceedings.

14. Plaintiff has been working with Defendants to obtain a modification of the loan and was informed recently that the modification was approved.

15. When Plaintiff attempted to complete the modification paperwork, Defendants told her the modification would not be granted and that the non-judicial foreclosure would proceed.

16. A non-judicial foreclosure sale is scheduled to take place on March 29, 2019.

17. Despite Defendants' knowledge of Plaintff as the owner of the Property, Defendants have failed to comply with the legal requirements to proceed with a non-judicial foreclosure sale.

**FIRST CAUSE OF ACTION**
**(Quiet Title)**

13. Plainitff reallages and incorporates by this reference paragraphs 1-12 inclusive, of this Complaint as though fully set forth herein.

14. In order to protect Plaintiff's interest in the Property an order of the Court is necessary to determine the property interest of all the parties involved in this action.

15. Plaintiff is seeking to quiet title against the claims of Defendants as follows: the claims of Defendants are without any right whatever and said Defendants have no right, title, estate, lien, or interest whatever in the Property or any part thereof, including having no right to pursue a non-judicial foreclosure.

16. Plaintiff seeks to quite title as of the date this Complaint is filed with the Court.

**SECOND CAUSE OF ACTION**
**(Injunctive Relief)**

17. Plaintiff reallages and incorporates by this reference paragraphs 1-16 inclusive, of this Complaint as though fully set forth herein.

18. A preliminary injunction is available when the moving party can demonstrate that the nonmoving party's conduct, if allowed to continue, will cause irreparable harm for which compensatory relief is inadequate and that the moving party has a reasonable likelihood of success on the merits. *See* NRS 33.010; *University Sys. v. Nevadans for Sound Gov't*, 120 Nev. 712, 721, 100 P.3d 179, 187 (2004); *Dangberg Holdings v. Douglas Co.*, 115 Nev. 129, 142, 978 P.2d 311, 319 (1999). A district court has discretion in deciding whether to grant a preliminary injunction. *University Sys.*, 120 Nev. at 721, 100 P.3d at 187.

19. If the non-judicial foreclosure takes place as scheduled, it wall result in irreparable harm for which compensatory relief is

inadequate as an interest in real property is unique.

19. Plaintiff enjoys a likelihood of prevailing on the merits as the Defendants have never been able to produce a copy of the note despite repeated requests and Defendants have failed to comply with the legal requirements to conduct a non-judicial foreclosure sale.

20. The District Court enjoys discretion in granting a preliminary injunction.

21. That an order of preliminary injunction be granted by the Court to enjoin the Trustee's Sale.

**THIRD CAUSE OF ACTION**
**(Violation of Non-Judicial Foreclosure Laws)**

21. Plaintiff reallages and incorporates by this reference paragraphs 1-16 inclusive, of this Complaint as though fully set forth herein.

22. Nevada requires three foreclosure notices: a Notice of Default, a Danger Notice and a Notice of Sale.

23. At least sixty (60) days prior to a non-judicial foreclosure sale, the Danger Notice must be properly served.

24. The Danger Notice must include a copy of the note. NRS 107.085.

25. Plaintiff was never personally served with a copy of the Danger Notice.

26. There was never any substituted service of the Danger Notice on a person of suitable age and discretion.

27. The Danger Notice was never posted at the Property.

28. Defendants do not possess the note and the Danger Notice was never served because Defendants cannot comply with NRS 107.085 because they do not possess the note.

29. The Notice of Sale was never properly served as required by NRS Chapter 107.

30. Following the foreclosure mediation, wherein Defendants failed to produce a copy of the note despite repeated requests, Plaintiff pursued a modification of the note.

31. Plaintiff was never notified of any non-judicial foreclosure sale and was informed her request to modify had been granted.

32. When Plaintiff attempted to execute the modification documents, she was informed by Defendants that a modification has in fact not been approved and that a foreclosure sale was scheduled for March 29, 2019.

33. Plaintiff was never personally served with a copy of the Notice of Sale.

34. There was never any substituted service of the Notice of Sale on a person of suitable age and discretion.

35. The Notice of Sale was never posted at the Property.

36. Plaintiff immediately took steps to initiate this civil action.

37. Plaintiff should be granted all damages permitted for Defendants' repeated failure to observe Nevada's non-judicial foreclosure laws.

/ / /

/ / /

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against the Defendant as follows:

1. For a judgment that Plaintiff is the owner in fee simple of the Subject Property and that the Defendants have no ownership interest in the property;

2. For injunctive relief preventing Defendants, or any of them, from extinguishing Plaintiff's interest in the subject real property.

3. For reasonable attorneys fees and costs;

4. For such other and further relief as to the Court may deem appropriate in the premises.

DATED the 27th day of March, 2019.

_____
Tracy R. Mitchusson, TTEE
The Tracy R. Mitchusson Trust dated 11/24/1999
3520 Five Pennies Lane
Las Vegas, Nevada 89120
Plaintiff in Proper Person