UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TRACY MITCHUSSON, | Case No. 2:22-CV-1839 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| BANK OF NEW YORK MELLON, et al., | |
| Defendant(s). | |

Presently before the court are two motions: (1) defendants Bank of New York Mellon ("BNYM") and Newrez, LLC d/b/a Shellpoint Mortgage Servicing's ("Shellpoint") motion to dismiss the plaintiff's complaint (ECF No. 8) and (2) BNYM and Shellpoint's emergency motion to enforce settlement (ECF No. 30). The motion to dismiss has been fully briefed, but the emergency motion has not.

**I.     Background**

This case involves real property and contract claims and was removed to federal court on diversity jurisdiction. (*See generally* ECF No. 1). Plaintiff filed her complaint in the Eighth Judicial District Court of Nevada on October 7, 2022, case number A-22-859556-C.

In 2004, plaintiff purchased real property in Nevada on a loan secured by a deed of trust ("DOT"). (ECF No. 1-1 at 3). Plaintiff defaulted on the loan in late 2010 and the DOT was eventually assigned to BNYM in 2014. (*Id.*). A nonjudicial foreclosure of the property was initiated sometime thereafter. (*Id.*). In response, plaintiff filed her first case against BNYM; MTC Financial Inc. (the trustee that initiated foreclosure proceedings and defendant in *this* case); and

**James C. Mahan
U.S. District Judge**

Bayview Loan Servicing, LLC (the loan servicer before Shellpoint). (*Id.* at 3–4).[1] That case ended in a settlement wherein the plaintiff agreed to vacate the property and allow foreclosure to proceed. (*Id.* at 4).

Plaintiff alleges that after she vacated the property and turned over possession, timely foreclosure did not occur, and she was issued multiple Clark County code enforcement violations on the property as it was still in her name. (*Id*). Plaintiff then filed *this* suit in state court against the defendants, alleging breaches of contract and the implied covenant of good faith and fair dealing as to the settlement agreement, seeking over $15,000 in damages related to the code enforcement violations. (ECF 1-1 at 6, 9). In addition to those two causes of action, the plaintiff asks for quiet title and declaratory relief as to the property itself. (*Id.* at 6–7).

The defendants then removed this suit to federal court based on diversity jurisdiction. (*See generally* ECF 1; ECF 11). The defendants assert that this court has jurisdiction because the relevant parties are diverse and the amount in controversy exceeds $75,000 based on the face value of the DOT and the estimated value of the property.[2] (ECF 1 at 4). BNYM and Shellpoint have since filed a motion to dismiss all of plaintiff's claims followed by an emergency motion to enforce an alleged settlement agreement (no notice of settlement has been filed in this case).[3] (ECF No. 8; ECF No. 30). The motion to dismiss was fully briefed, and plaintiff concedes to dismissing her quiet title and declaratory relief claims.[4] (ECF No. 18 at 6). As such, the court DISMISSES plaintiff's third and fourth claims, REMANDS this case to state court, and DENIES the emergency motion to enforce settlement without prejudice, as discussed further below.

. . .

---

[1] The first case was filed originally in Nevada state court but was removed to federal court as case number 2:19-cv-00585-APG-PAL.

[2] $517,800 and $880,700 respectively.

[3] To be clear, BNYM and Shellpoint allege that the plaintiff also agreed to settle *this* case, and their motion to enforce involves this alleged settlement agreement.

[4] Plaintiff states that she releases the defendants "from any claims made or could be made regarding the servicing of the loan or the foreclosure" of the property and "gives no opposition" to BNYM and Shellpoint's arguments to dismiss her quiet title and declaratory relief claims. (ECF 18 at 6).

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000. "In determining the amount in controversy, courts first look to the complaint." *Ibarra v. Manheim Invests., Inc*. 775 F.3d 1193, 1197 (9th Cir. 2015) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). When it is not evident from the face of the complaint that there is more than $75,000 in controversy, the court lacks subject matter jurisdiction, and the case should be dismissed or remanded back to state court. 28 U.S.C. § 1447(c). In doubtful cases, remand is favored, and the court resolves all ambiguity in favor of remand. *E.g.*, *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003) ("Where doubt regarding the right to removal exists, a case should be remanded to state court."); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992) (per curiam) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Under 28 U.S.C. § 1447(c), a federal court is required to remand a case back to state court if, at any time prior to final judgment, it appears to lack subject matter jurisdiction. *Maniar v. F.D.I.C.*, 979 F.2d 782, 784 (9th Cir. 1992) (explaining that when a jurisdictional defect exists, the court does not merely have sua sponte authority to remand—it is actually required to remand). And, under 28. U.S.C. § 1447(c), the court may decline to exercise supplemental jurisdiction once "all claims over which it has original jurisdiction" have been dismissed. Thus, even if the question of subject matter jurisdiction is not fully adjudicated or addressed by the parties, "it is axiomatic that this court has a special obligation to satisfy itself of its own jurisdiction . . . ." *United States v. Touby*, 909 F.2d 759, 763 (3d Cir.1990) (internal citations and quotations omitted).

## III. Discussion

After dismissing the plaintiff's quiet title and declaratory relief claims, the two remaining claims are for breach of contract and breach of the implied covenant of good faith and fair dealing. These two remaining claims are based on state law. On the face of the complaint, only damages

in excess of $15,000 are allegedly related to these two claims. (ECF 1-1 at 6, 9). In fact, the defendants' petition for removal cites only the property and the DOT as evidence of damages in excess of the jurisdictional amount—the claims upon which are now dismissed. The court, therefore, lacks jurisdiction over this case and will not decide whether the plaintiff's remaining two claims should be dismissed.

Because the court determines it does not have jurisdiction over this case, the pending emergency motion to enforce settlement (ECF 30) is DENIED without prejudice, BNYM and Shellpoint's motion to dismiss plaintiff's complaint is DENIED without prejudice as to plaintiff's first two claims,[5] and the case is REMANDED back to Nevada's Eighth Judicial District Court. The court believes that dismissal of plaintiff's quiet title and declaratory relief claims removes the emergency nature of BNYN and Shellpoint's motion to enforce and they may raise this issue again in state court. *See* Local Rule 7-4(c) ("The court may determine whether any matter submitted as an 'emergency' is, in fact, an emergency.").

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that BNYM and Shellpoint's motion to dismiss (ECF No. 8) is GRANTED in part and DENIED, without prejudice, in part.

IT IS FURTHER ORDERED that BNYM and Shellpoint's pending emergency motion (ECF No. 30) is DENIED without prejudice.

The clerk is instructed to remand this case back to the state court from which it originated.

DATED August 21, 2023.

_____
UNITED STATES DISTRICT JUDGE

---

[5] Claim one is for breach of contract and claim two is for breach of the implied covenant of good faith and fair dealing. (ECF 1-1).

**James C. Mahan**
**U.S. District Judge**